JUDGE GARDEPHE

11 CIV 8053



Arlana S. Cohen (asc@cll.com)
J. Christopher Jensen (jcj@cll.com)
Thomas Kjellberg (txk@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

VARSITY BRANDS, INC., VARSITY SPIRIT    :
FASHIONS AND SUPPLIES, INC. and VARSITY
SPIRIT CORPORATION,    :

              Plaintiffs,    :

      -against-    :

MSG HOLDINGS, L.P., Composed of MSG EDEN    :
CORPORATION; MSG VARSITY NETWORK
LLC; JOHN DOES, JANE DOES and ABC CORPS,    :
            Defendants.

-------------------------------------------------------------- x

**COMPLAINT**

ECF Case

Plaintiffs Varsity Brands, Inc., Varsity Spirit Fashions and Supplies, Inc. and Varsity

Spirit Corporation, by and through their undersigned attorneys, for their complaint hereby allege

as follows:

## JURISDICTION AND VENUE

1.     This Court has personal jurisdiction over the Defendants in that the Defendants

reside and/or do business and/or transact business in the State of New York and in this District or

can be found in this District.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 1391(c) in that Defendants reside or transact business and/or do business within this district and/or in the State of New York.

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 with respect to the claims arising under the Lanham Act, and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) with respect to the claims arising under New York law.

## NATURE OF THE ACTION

4.      This is a civil action for trademark infringement and false designation of origin under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, as amended (the "Lanham Act"), and common law unfair competition.

## PARTIES

5.      Plaintiff Varsity Brands, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 6745 Lenox Center Court, Memphis, Tennessee 38115.

6.      Plaintiff Varsity Spirit Corporation is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business at 6745 Lenox Center Court, Suite 300, Memphis, Tennessee 38115.

7.      Plaintiff Varsity Spirit Fashions & Supplies, Inc. is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business at 6745 Lenox Center Court, Suite 300, Memphis, Tennessee 38115.

25894/097/1276154.1

Plaintiffs Varsity Brands, Inc., Varsity Spirit Fashions and Supplies, Inc. and Varsity Spirit Corporation are hereinafter referred to collectively as "Varsity" or "Plaintiffs."

8.      Upon information and belief, Defendant MSG Holdings, L.P. Composed of MSG Eden Corporation ("MSG Holdings") is a limited partnership organized under the laws of the State of Delaware, with a principal place of business at 4 Pennsylvania Plaza, New York, New York 10001, and does and/or transacts business in this District.

9.      Upon information and belief, Defendant MSG Varsity Network LLC ("MSG Varsity") is a limited liability corporation organized under the laws of the State of Delaware, with a principal place of business at One Media Crossways, Woodbury, New York 11797, and does and/or transacts business in this District.

10.      Upon information and belief, Defendants John Does 1-10 ("John Does") are individuals who reside or do or transact business in this District, and have engaged and participated, directly or contributorily, in the unlawful acts set forth herein. The true identities of John Does are not presently known to Plaintiff. Plaintiff will amend its complaint upon discovery of the identities of such Defendants.

11.      Upon information and belief, Defendants ABC Corps ("ABC Corps") are businesses that reside or do or transact business in this District, and have engaged and participated, directly or contributorily, in the unlawful acts set forth herein. The true identities of ABC Corps are not presently known to Plaintiff. Plaintiff will amend its complaint upon discovery of the identities of such Defendants. (MSG Holdings, MSG Varsity, John Does and ABC Corps are sometimes referred to collectively herein as "Defendants.")

25894/097/1276154.1

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

12.     Plaintiffs are a group of entities that for over 40 years have operated businesses using corporate names and trade names that include the name "Varsity" (the "Varsity Trade Names"). Plaintiffs since their formation have been among the most successful and highly respected companies in the United States engaged primarily in the business of organizing and sponsoring cheerleading events, camps and competitions using the trademark VARSITY and, *inter alia*, offering goods and services using the trademark VARSITY, directed to students at all levels and of all ages, including providing web content and videos, live events and webisodes via broadband network.

13.     Since 1999, with the launch of VARSITY.COM, Varsity has provided web content directed to high school and college age teens and their parents, as well as online news, articles, audio clips, resources, photos and videos.

14.     For many years, and long prior to any use by Defendants, Varsity has produced television programming on ESPN and Fox Network.

15.     In order to keep pace with changing technology, Varsity's programming is constantly expanded to future platforms, and Varsity has already launched VARSITY TV which features videos, live events and webisodes on Varsity's broadband network, making Varsity a worldwide provider of media content across multiple platforms ("Plaintiffs' Common Law Rights").

16.     Plaintiffs are the owners of numerous trademark and service mark registrations in the United States ("Varsity's Registered Marks"), a number of which are incontestable, including without limitation:

4

| MARK | REG. NO. | REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| VARSITY.COM | 3,418,764 | 4/29/08 | Online retail store services featuring pre-recorded videotapes and compact discs, school supplies, jewelry and home furnishings; providing a website which features advertisements for the goods and services of others on topics of interest to teenage boys and girls on a global computer network; travel agency services, namely, making reservations; and providing an online database in the field of topics of interest to teenage boys and girls, namely, fashion. |
| VARSITY | 3,436,493 | 5/27/08 | Online retail store services featuring, pre-recorded videotapes and compact discs, school supplies, jewelry, home furnishing; providing a website which features advertisements for the goods and services of others on topics of interest to teenage boys and girls on a global computer network; travel agency services, namely, making reservations; providing an online database in the field of topics of interest to teenage boys and girls, namely fashion. |
| VARSITY (Stylized) **VARSITY** | 3,782,740 | 6/17/08 | campus bookstores or other retail outlets located at colleges and high schools; uniforms for cheerleaders, drill teams, pom pon squads, pep squads, mascots, bands and booster clubs; footwear, namely, athletic shoes, cheerleader shoes, dance shoes, slippers, flip-flops and sandals |
| VARSITY.COM | 3,689,696 | 9/29/09 | Camps, namely, children's recreational camps, cheerleading camps, and soccer camps |

25894/097/1276154.1

| MARK | REG. NO. | REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| JUNIOR VARSITY SPIRIT FASHIONS | 1,575,830 | 1/02/90 | Mail order catalog services in the field of cheerleader uniforms for younger age groups |
| VARSITY SPIRIT FASHIONS | 1,680,452 | 3/24/92 | Men's and women's cheerleader and dance team clothing; namely, skirts, sweats, sweaters, tops, pants, shoes |
| VARSITY SPIRIT CORPORATION | 1,796,645 | 10/05/93 | Conducting cheerleading, dance teams and gymnastics training camps, clinics, seminars, workshops, competitions, championships and tournaments; performing cheerleading at bowl games; private gymnastics, cheerleader and dance team coaching; clothing; namely, cheerleader and dance team uniforms with pom-poms, gloves, vests, tops, shirts, skirts, jumpers, warm-up suits, pants, sweaters, shoes, socks, sweatshirts, T-shirts, shorts, sweat pants, tights, leotards, unitards, dresses and jackets |
| VARSITY SPORT | 2,293,083 | 11/16/99 | Athletic wear, namely, sports shirts, sports shorts, gloves, vests, tops, skirts, jumpers, warm-up suits, pants, sweaters, athletic shoes, sweatshirts, T-shirts, athletic shorts, sweat-pants, tights, leotards, unitards, dresses, and jackets |
| V VARSITY | 2,357,303 | 6/13/00 | Cheerleader uniforms, drill team uniforms and pompon squad uniforms |
| VARSITY | 2,526,564 | 1/08/02 | Athletic shirts, athletic shorts, athletic tops, body suits, dresses, hats, jackets, jerseys, jumpers, leotards, pants, skirts, sweaters, sweat pants, sweat shirts, T-shirts, unitards, and warm-up suits sold to colleges, high schools and school-affiliated teams, clubs, groups and individuals by direct sales through sales |

25894/097/1276154.1

| MARK | REG. NO. | REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| | | | representatives or employees of applicant, through mail order catalog services or through campus book stores or other retail outlets located at colleges and high schools; uniforms for cheerleaders, drill teams, pompon squads, pep squads, mascots, bands and booster clubs |
| VARSITY | 2,082,554 | 7/22/97 | Mens underwear; T-shirts, briefs; athletic shirts; undergarments; pajamas; robes; nightshirts; loungewear and boxer shorts sold through retail outlets. |
| VARSITY | 1,812,198 | 12/21/93 | Men's and women's sleepwear, underwear, night shirts, loungewear and boxer shorts |
| VARSITY | 3,696,209 | 10/13/09 | Pre-recorded videotapes and compact discs containing music and/or movies; camps, namely, children's recreational camps, cheerleading camps, and soccer camps |
| VARSITY CHOREOGRAPHY | 3,320,692 | 10/23/07 | Providing educational and instructional courses in the fields of spirit, cheer and dance delivered both online and through the classroom |
| VARSITY (Stylized) | 879,543 | 10/28/69 | Pajama and robe sets |
| VARSITY WIRED | 3,371,683 | 1/22/08 | Entertainment services, namely, providing a website featuring audio and video presentations featuring cheerleading and dance, cheerleading and dance competitions, audio clips, video clips, photographs and fashion |
| VARSITY UNIVERSITY | 3,797,635 | 6/1/10 | Providing educational and instructional courses in the fields of cheerleading |

7

| MARK | REG. NO. | REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| | | | routines, stunts, sequences, skills and drills, choreography and dance technique, and safety information to participants in the spirit, cheer, and dance team industries delivered both online and through the classroom |
| VARSITY TV | 3,920,302 | 2/15/11 | An interactive website featuring entertainment information and cheerleading videos for students and teens; online social networking services for students and teens |
| VARSITY TV | 3,858,342 | 10/5/10 | An interactive website featuring entertainment information and cheerleading videos for students and teens |
| VARSITY | 3,928,856 | 3/8/11 | Footwear, namely, cheerleader shoes, dance shoes, slippers, flip-flops and sandals; athletic shoes |

17.    Plaintiffs are also the owners of the following allowed trademark application in the United States:

| MARK | SER. NO. | FILED | GOODS/SERVICES |
|---|---|---|---|
| VARSITY (Stylized)  **VARSITY** | 77/500,598 | 6/17/08 | Athletic shirts, athletic shorts, athletic tops, bodysuits, dresses, hats, jackets, jerseys, jumpers, leotards, pants, skirts, sweaters, sweatpants, sweatshirts, t-shirts, unitards and warm-up suits sold to colleges, high schools and school-affiliated teams, clubs, groups and individuals by direct sales through sales representatives or employees of applicant, through mail order catalogue services or through campus bookstores |

25894/097/1276154.1

| MARK | SER. NO. | FILED | GOODS/SERVICES |
|---|---|---|---|
| | | | or other retail outlets located at colleges and high schools; uniforms for cheerleaders, drill teams, pom pom squads, pep squads, mascots, bands and booster clubs; footwear, namely, athletic shoes, cheerleader shoes, dance shoes, slippers, flip-flops and sandals; online retail store services featuring pre-recorded videotapes and compact discs, school supplies, jewelry and home furnishings; providing a web site which features advertisements for the goods and services of others on topics of interest to teenage boys and girls on the global computer network, mail order catalogue services in the field of cheerleader uniforms; camps, namely, children's recreational camps, cheerleading camps and soccer camps; entertainment services, namely, providing a website featuring audio and video presentations featuring cheerleading and dance, cheerleading and dance competitions, photographs and fashion; conducting cheerleading, dance and gymnastics competitions, camps and events, and providing instruction and training in the fields of sports, cheerleading, gymnastics and dance; providing instruction and demonstration services in the fields of cheerleading, dance and gymnastics for cheerleaders, pom pon squads, dance teams, mascots, gymnasts and other school groups; training of spirit leaders, namely, cheerleaders, pom pom girls, mascots and rally groups; providing choreography instruction and custom music mixing services to cheerleaders and spirit teams; providing cheerleading |

25894/097/1276154.1

| MARK | SER. NO. | FILED | GOODS/SERVICES |
|---|---|---|---|
| | | | camps featuring workshops on chants, tumbling, dance routines, pom pons and related skills; educational services, namely, courses for the training and instruction of dance teams, drill teams and pom pon squads; providing educational and instructional courses in the fields of spirit, cheer and dance delivered both online and through the classroom |

18.    Plaintiffs' Common Law Rights, Varsity's Registered Marks, and trademark/service mark applications are sometimes referred to hereinafter as the "VARSITY Family of Marks" or "Plaintiffs' Trademarks."

19.    Plaintiffs have extensively advertised and promoted Plaintiffs' goods and services under the Varsity Trade Names and the VARSITY Family of Marks for many years through various media.   The VARSITY Family of Marks have also been the subject of widespread unsolicited media coverage across the United States and internationally.

20.    As a result of the long and continuous use of the VARSITY Family of Marks, and Varsity's substantial investment of time, money and effort in advertising and promoting such marks, the VARSITY Family of Marks have developed substantial public recognition; and by virtue of Plaintiffs' extensive use in commerce of the Varsity Trade Names and the VARSITY Trademarks, the relevant trade and public have come to associate goods and services bearing VARSITY as a trademark with Plaintiffs.

25894/097/1276154.1

## DEFENDANTS' INFRINGING ACTIVITIES

21.    Notwithstanding the extensive nationwide, indeed worldwide, use of the VARSITY Family of Marks, Defendants launched a cable TV channel and website using the names MSG VARSITY and MSGVARSITY.COM, respectively.

22.    Immediately after its launch, Varsity contacted Defendants and raised objections to the adoption and use of "Varsity."

23.    While Varsity objected to Defendants' use of the Varsity name in *any* form, it emphasized that:

- the font adopted by MSG is remarkably similar to Varsity's logo;

- defendants' usage of "MSG" is much smaller in size and appearance than that of the word "Varsity"; and

- on its website and cable station Defendants also use the word "Varsity" alone, such as in "Varsity" announcements, and on "Varsity" polo shirts worn by announcers.

24.    The particular logos are so similar as to defy explanation.  These are shown here:

 (Plaintiffs')

 (Defendants')

25.    In or around May, 2009, Defendant MSG Holdings sought to register the trademark MSG VARSITY, Trademark Serial No. 77/747,930, for the following services:

Class 38: Broadcasting of video and audio programming relating to high school sports and activities over the Internet; Television and cable television broadcasting services relating to high school sports and activities; Broadcasting

25894/097/1276154.1

services, namely, broadcasting of television programming relating to high school sports and activities via television, cable, satellite, global computer network, audio and video media, wireless communications and wired communications; and

Class 41: Television programming services relating to high school sports and activities; Providing an Internet website portal in the field of sporting events relating to high school sports and activities; Providing sports news and information relating to high school sports and activities via a global computer network; Production and scheduling of television programs relating primarily to high school sports and activities distributed via broadcast television, cable television, satellite television, audio and video media and wireless communications, wired communications and global computer networks.

26.     Varsity has filed an opposition to the application to register MSG VARSITY, and such opposition is pending in the U.S. Trademark Office, Opposition No. 91194487.

27.     In addition to the above activities, MSG Varsity is now *less* focused on high school sports then it was when originally launched, and in several ways its usage is now even *more* of an infringement of and a progressive encroachment upon Varsity's rights, including, without limitation:

- in "about us" on its website and in press releases Defendants newly "define" themselves as a "comprehensive online destination," not just a sports channel;

- the "MSG" is getting smaller and smaller online, and sometimes it is not visible;

- the network prominently displays pictures of cheerleaders (including an advertisement depicting a cheerleader wearing one of Varsity's copyrighted uniforms) (Exhibit A);

- the new MSG Varsity magazine, includes articles wherein it states, "MSG Varsity is not just about Friday night football, the big game and *"cheerleading competitions"* (Exhibit B).

28.     Defendants also air a show entitled "The Cheering Life" which show, when aired in combination with MSG VARSITY, adds to the likely and actual confusion caused by Defendants herein.

12

29.     The services of Defendants and the goods and services of Plaintiffs are identical and/or substantially similar and related.

30.     Defendants' MSG VARSITY mark so resembles Plaintiffs' VARSITY Family of Marks and the Varsity Trade Name as applied to their goods and services that it is likely to cause confusion, mistake and/or deception, or to cause people to assume that Defendants' services are sponsored by or produced under license from or otherwise affiliated with Plaintiffs (or vice versa).

### FIRST CLAIM FOR RELIEF
**(Trademark Infringement)**

31.     Varsity repeats and realleges the assertions contained in paragraphs 1 through 30 above.

32.     Defendants' activities as described above constitute infringement of Varsity's Registered Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33.     Defendants knew or should have known of the existence of Varsity's Registered Marks at the time Defendants adopted the MSG VARSITY trademark.

34.     Defendant's unlawful activities result and will result in irreparable harm and injury to Plaintiffs.  Among other harms, these acts deprive Plaintiffs of their absolute right to determine the manner in which its image is presented to the general public; deceive the public as to the origin and sponsorship of Defendants' services and wrongfully trade upon Plaintiffs' reputation and exclusive rights in Varsity's Registered Marks.

35.    The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin)

36.    Varsity repeats and realleges the assertions contained in paragraphs 1 through 35 above.

37.    Defendants' actions constitute false designation of origin in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

38.    The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

39.    Varsity repeats and realleges the assertions contained in paragraphs 1 through 38 above.

40.    By misappropriating and using a mark that simulates Plaintiffs' Trademarks and Plaintiff's Trade Names, Defendants misrepresent and falsely describe to the general public the origin and source of the services offered by them and create a likelihood of confusion as to both the source and sponsorship of such services.

41.    Defendants' unlawful, unauthorized and unlicensed use of a mark which simulates Plaintiffs' Trademarks and Plaintiffs' Trade Names creates the express and/or implied misrepresentation that Defendants' services are authorized or approved by Plaintiffs.

14

42.   Defendant's aforesaid acts constitute unfair competition in violation of the common law of the State of New York.

**FOURTH CLAIM FOR RELIEF**
**(Trademark Dilution Under N.Y. Gen. Bus. L. § 360.1)**

43.   Varsity repeats and realleges the assertions contained in paragraphs 1 through 42 above.

44.   Plaintiffs' Trademarks are strong, famous and well-known and have garnered recognition in New York and worldwide.

45.   Defendants' use of MSG VARSITY actually dilutes or is likely to dilute the distinctive quality of Plaintiffs' Trademarks by blurring and/or by tarnishment.

46.   The actions of Defendants cause injury to the business reputation of Plaintiffs and dilution of the distinctive quality of Plaintiffs' Trademarks in violation of N.Y. General Business Law § 360.1.

47.   Plaintiffs have no adequate remedy at law.  The conduct of Defendants described above has caused and, if not enjoined, will continue to cause, irreparable harm to the rights of Plaintiffs in Plaintiffs' Trademarks and the business, reputation and goodwill of Plaintiffs. Plaintiffs' damages from the unlawful actions of Defendants are not yet determined.

**PRAYER FOR RELIEF**

**WHEREFORE**, Varsity respectfully requests that the Court:

A.   Preliminarily and permanently enjoin Defendants, their officers, agents, employees, and related companies, and all persons acting for, with, by, through, or under them, from:

25894/097/1276154.1

(i) Using the designation "MSG VARSITY" or "VARSITY" or "msgvarsity.com" or any other mark, term, name or title confusingly similar to Plaintiffs' Trademarks or the Varsity Trade Names; and

(ii) Committing any other act calculated or likely to cause the public to believe that Defendants are in any manner connected, affiliated or associated with Varsity or from otherwise competing unfairly with Varsity;

(iii) Committing further acts which dilute or tarnish Plaintiffs' Trademarks.

B.      Order Defendants, pursuant to 15 U.S.C. § 1118, to deliver to Varsity for destruction all material (including, without limitation, all inventory, advertisements, promotional materials, brochures, signs, displays, stationary, business cards and/or invoices) within their possession, custody or control, either directly or indirectly, that bear the designation "MSG VARSITY" or "Varsity" or any other mark, term or title confusingly similar to Plaintiffs' Trademarks;

C.      Direct Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon Varsity, within thirty (30) days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which they have complied with the provisions set forth above;

D.      Direct Defendants, pursuant to 15 U.S.C. § 1117(a), to account to Varsity for all gains, profits and advantages derived from Defendants' wrongful acts;

E.      Award to Varsity, pursuant to 15 U.S.C. § 1117(a), the greater of three times the amount of Defendants' profits or any damages sustained by Varsity, together with interest on such amount and the costs of this action;

F.     Award to Varsity, pursuant to 15 U.S.C. § 1117(a), its attorneys' fees and the costs of this civil action; and

G.     Award to Varsity such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 8, 2011

Respectfully submitted,

COWAN LIEBOWITZ & LATMAN, P.C.

By: _____
    Ariana S. Cohen (asc@cll.com)
    J. Christopher Jensen (jcj@cll.com)
    Thomas Kjellberg (txk@cll.com)
    1133 Avenue of the Americas
    New York, New York 10036-6799
    (212) 790-9237
    Attorneys for Plaintiffs

17

# EXHIBIT A



# IT'S TIME TO VOTE

## MSG VARSITY'S
## HOME FIELD ADVANTAGE

Which school has the best game day atmosphere?

Vote now and win great prizes for your school!

**CLICK HERE TO VOTE**

MSGVARSITY.COM



# EXHIBIT B

# Long Island Student Grabs the Spotlight

## HHH East's Zadek writes and produces an entire musical

 Zach Zadek is not unfamiliar with the spotlight. As a singer/songwriter, the 17-year-old Half Hollow Hills East student has performed in his fair share of stage productions and concerts. But this past spring, Zadek put his own singing career on hold—and instead wrote and produced an entire musical—entitled "6."

"I wrote a musical about six degrees of six people's lives that were interconnected in ways they don't understand," Zadek said of his show, which highlights a variety of problems rampant in society—including divorce and unplanned pregnancy.

The musical had three performances at Half Hollow Hills East, but quickly was recognized for a bigger stage. It was selected by the New York Musical Theater Festival to be considered as one of the top new musicals.

"I really didn't think anything would come of it when I applied," Zadek said. "Three months later I got this email out of nowhere saying 'Congratulations, you are one of 30 finalists from 600.' So I was very shocked I guess."

What makes Zadek's accomplishments even more impressive, is the fact that "6" was written, directed, produced, and acted out solely by students. It is this that faculty advisor Danielle McRoy finds most impressive.

"When you watch it, it's hard to believe that students of that age composed it, wrote it, and then that the actors themselves are only sophomores, juniors, seniors in high school," McRoy said. "That they can really reach into themselves as actors and create characters that are so beyond what they've experienced as high school students is really remarkable."

Writing and producing "6" was a natural progression for Zadek, according to the man himself.

"I sort of started as a singer/songwriter, so I've been playing piano all my life; I have been singing all my life," Zadek said. "That's kind of my background, and then I just kind of expanded that to write a musical."

With the success of "6" behind him, Zadek continues to perform live concerts throughout Long Island, highlighting songs from the show. But Broadway is beckoning. And at this rate, Zadek might get there before graduating from high school. «



For more on these feature stories, log on to **MSGVarsity.com** or tune to MSG Varsity Interactive–**Channel 614.**

---

# Thornton-Donovan Proves MSG Varsity Is More Than Sports

 MSG Varsity is not just about Friday night football, the big playoff game and cheerleading competitions. Need proof? Just ask the folks at the Thornton-Donovan School in New Rochelle.

"We don't win, we don't lose, we don't play games. But we are still part of MSG Varsity," said Douglas E. Fleming, headmaster at Thornton Donovan, which has no athletic program.

A small school with less than 200 students, ranging from grade school through high school age, Thornton-Donovan consistently submitted content to MSG Varsity that was socially insightful and globally oriented.

For all of their hard work and video production, the school was honored as an MSG Varsity Partner of the Week in April.

"Our archives are different than others, but occasionally we get a shiver up our spine the same way you would get riotous applause with a field goal," Fleming said. "We do it a little differently, but we feel just as proud as winning." «

---

# Massapequa's Emily Smith Scores Big Off the Field

This past school year, Massapequa field hockey player Emily Smith, turned a personal family loss into an emotional message for all. Emily, who was 9-years-old when she lost her grandmother to pancreatic cancer, created a public service announcement for the Lustgarten Foundation in conjunction with a school assignment.

The Lustgarten Foundation is a non-profit organization, that has a mission to advance the scientific and medical research related to the diagnosis, treatment, cure and prevention of pancreatic cancer.

"It makes me feel like I am making a difference," Emily said. "It's important that people become aware of pancreatic cancer because people do die from it."

The PSA that Emily created included facts about the disease and an emotional message asking others to join the fight against pancreatic cancer.

"You could see that it was really heartfelt and that she was very passionate about this cause," said Kerri Kaplan, executive director of the Lustgarten Foundation. "We were all just amazed that a 15-year-old could put something together that was as powerful as what we have an ad agency put together." «

— Lauren Brill