Arlana S. Cohen (asc@cll.com)
J. Christopher Jensen (jcj@cll.com)
Thomas Kjellberg (txk@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

VARSITY BRANDS, INC., VARSITY SPIRIT          :
FASHIONS AND SUPPLIES, INC. and VARSITY
SPIRIT CORPORATION,                           :

                        Plaintiffs/Counterclaim Defendants    :     **11 Civ. 8053 (PGG)**

                        -against-             :     **REPLY TO**
                                                    **COUNTERCLAIMS**

MSG HOLDINGS, L.P., Composed of MSG EDEN      :     ECF Case
CORPORATION; MSG VARSITY NETWORK
LLC; JOHN DOES, JANE DOES and ABC CORPS,      :

                        Defendants/Counterclaim       :
Plaintiffs.

------------------------------------------------------------- x

        Plaintiffs, Varsity Brands, Inc., Varsity Spirit Fashions and Supplies, Inc. and Varsity

Spirit Corporation ("Plaintiffs" or "Varsity"), by and through their undersigned counsel, as and

for their Reply to the Counterclaims asserted by Defendants MSG Holdings, L.P. and MSG

Varsity Network LLC ("Defendants/Counterclaim Plaintiffs" or "MSG") allege as follows:

        1.      Varsity admits the allegations of paragraph 1 of the Counterclaims.

        2.      Varsity admits the allegations of paragraph 2 of the Counterclaims.

1

3. Varsity admits that MSG purports to state claims as described in paragraph 3 of the Counterclaims, but denies the substance of such claims, as set forth herein.

4. Varsity admits that jurisdiction is proper in this Court as to the purported Counterclaims alleged by MSG, as alleged in paragraph 4 of the Counterclaims.

5. Varsity admits that venue is proper in this Court, as alleged in paragraph 5 of the Counterclaims.

6. Varsity is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Counterclaims, and therefore denies same.

7. Varsity denies the allegations in paragraph 7 of the Counterclaims.

8. Varsity admits that MSG filed an intent-to-use application to register the mark MSG VARSITY, as alleged in paragraph 8 of the Counterclaims, but states that Varsity has duly opposed such intent-to-use application.

9. Varsity admits the allegations in paragraph 9 of the Counterclaims.

10. Varsity is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Counterclaims, and therefore denies same.

11. Varsity is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Counterclaims, and therefore denies same.

12. Varsity is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Counterclaims, and therefore denies same.

13. Varsity denies the allegations in paragraph 13 of the Counterclaims.

14. Varsity denies the allegations in paragraph 14 of the Counterclaims.

15. Varsity denies the allegations in paragraph 15 of the Counterclaims.

16.     Varsity denies the allegations in paragraph 16 of the Counterclaims.

17.     Varsity denies the allegations in paragraph 17 of the Counterclaims.

18.     Varsity denies the allegations in paragraph 18 of the Counterclaims.

19.     Varsity is without knowledge or information as to the meaning of the terms "channel," "broadcast" and "television" intended by MSG in paragraph 19 of the Counterclaims, and therefore denies the allegations in said paragraph.

20.     Varsity denies the allegations in paragraph 20 of the Counterclaims.

21.     Varsity denies the allegations in paragraph 21 of the Counterclaims.

22.     Varsity admits the allegations in paragraph 22 of the Counterclaims, except states that it asserted a claim of trademark dilution in violation of N.Y. General Business Law § 360.1.

23.     Varsity admits that in the Complaint it asserted claims of trademark infringement and false designation of origin under the Lanham Act, common law unfair competition, and trademark dilution in violation of N.Y. General Business Law § 360.1, and otherwise denies the allegations in said paragraph.

24.     Varsity denies that the goods and/or services in the referenced trademark registrations are "broadly worded," and otherwise admits the allegations in paragraph 24 of the Counterclaims.

25.     Varsity denies the allegations in paragraph 25 of the Counterclaims.

26.     Varsity admits that it obtained valid assignments of the entire right, title and interest in and to the registered trademarks referenced in paragraph 26 of the Counterclaims, together with the goodwill of the business symbolized by said registered trademarks, and otherwise denies the allegations in said paragraph.

27.     Varsity admits the allegations in paragraph 27 of the Counterclaims, but states that any assertion "that Knothe no longer used and had abandoned all rights in the marks" was incorrect, and no such finding was made by the USPTO.

28.     Varsity denies the allegations in paragraph 28 of the Counterclaims.

29.     Varsity denies the allegations in paragraph 29 of the Counterclaims.

30.     Varsity denies the allegations in paragraph 30 of the Counterclaims.

31.     Varsity denies the allegations in paragraph 31 of the Counterclaims.

## COUNTERCLAIMS COUNT I

## DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT

32.     Varsity realleges and incorporates by reference its responses to the allegations of paragraphs 1 through 31 of the Counterclaims as if fully set forth herein.

33.     Varsity denies the allegations in paragraph 33 of the Counterclaims.

34.     Varsity denies the allegations in paragraph 34 of the Counterclaims.

35.     Varsity denies the allegations in paragraph 35 of the Counterclaims.

36.     Varsity denies the allegations in paragraph 36 of the Counterclaims.

## COUNTERCLAIMS COUNT II

## DECLARATORY JUDGMENT OF NO FALSE
## DESIGNATION OF ORIGIN OR UNFAIR COMPETITION

37.     Varsity realleges and incorporates by reference its responses to the allegations of paragraphs 1 through 31 of the Counterclaims as if fully set forth herein.

38.     Varsity denies the allegations in paragraph 38 of the Counterclaims.

39.     Varsity denies the allegations in paragraph 39 of the Counterclaims.

25894/097/1282726.1

40.     Varsity denies the allegations in paragraph 40 of the Counterclaims.

## COUNTERCLAIMS COUNT III

## DECLARATORY JUDGMENT OF NO DILUTION

41.     Varsity realleges and incorporates by reference its responses to the allegations of paragraphs 1 through 31 of the Counterclaims as if fully set forth herein.

42.     Varsity denies the allegations in paragraph 42 of the Counterclaims.

43.     Varsity denies the allegations in paragraph 43 of the Counterclaims.

44.     Varsity denies the allegations in paragraph 44 of the Counterclaims.

45.     Varsity denies the allegations in paragraph 45 of the Counterclaims.

46.     Varsity denies the allegations in paragraph 46 of the Counterclaims.

47.     Varsity denies the allegations in paragraph 47 of the Counterclaims.

## COUNTERCLAIMS COUNT IV

## CANCELLATION OF REGISTRATIONS

48.     Varsity realleges and incorporates by reference its responses to the allegations of paragraphs 1 through 31 of the Counterclaims as if fully set forth herein.

49.     Varsity denies the allegations in paragraph 49 of the Counterclaims.

50.     Varsity denies the allegations in paragraph 50 of the Counterclaims.

51.     Varsity denies the allegations in paragraph 51 of the Counterclaims.

52.     Varsity denies the allegations in paragraph 52 of the Counterclaims.

53.     Varsity denies the allegations in paragraph 53 of the Counterclaims.

54.     Varsity denies the allegations in paragraph 54 of the Counterclaims.

55.     Varsity denies the allegations in paragraph 55 of the Counterclaims.

## AS TO THE PRAYER FOR RELIEF

Varsity denies that MSG is entitled to any relief requested in Paragraphs A-F of MSG's prayer for relief, or any other relief whatsoever from Varsity.

## FIRST AFFIRMATIVE DEFENSE

MSG fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

MSG's claims, if any, are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

MSG's claims, if any, are barred by laches and estoppel.

**WHEREFORE**, Varsity respectfully requests that this Court enter judgment in its favor as follows:

(a)     Dismissing the Counterclaims against Varsity in their entirety.

(b)     Awarding Varsity the relief requested in the Complaint.

Dated: New York, New York
        January 3, 2012

Respectfully submitted,

COWAN LIEBOWITZ & LATMAN, P.C.


By:     s/ Arlana S. Cohen
        Arlana S. Cohen (asc@cll.com)
        J. Christopher Jensen (jcj@cll.com)
        Thomas Kjellberg (txk@cll.com)
        1133 Avenue of the Americas
        New York, New York 10036-6799
        (212) 790-9237
        Attorneys for Plaintiffs/Counterclaim
        Defendants

6